## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

STEPHEN DAVIS,

                        Plaintiff,

v.

SHIMANO NORTH AMERICA HOLDING, INC., SHIMANO AMERICAN CORPORATION, SHIMANO NORTH AMERICA BICYCLE, INC., GLOBAL VELO, INC. d/b/a M MOTOBECANE U.S.A. d/b/a MOTOBECANE, BIKESDIRECT.COM, JOHN DOES 1-10, and ABC CORPS., 1-10,

                        Defendants.

Civil Action No. _____

TO:    THE HONORABLE JUDGES OF THE
        UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW JERSEY

Defendant Shimano North America Holding, Inc. ("Shimano"), through its undersigned counsel, pursuant to 28 U.S.C. § 1332, 1441 and 1446, hereby removes to the United States District Court for the District of New Jersey, the action captioned STEPHEN DAVIS v. SHIMANO NORTH AMERICA HOLDING, INC., SHIMANO AMERICAN CORPORATION, SHIMANO NORTH AMERICA BICYCLE, INC., GLOBAL VELO, INC. d/b/a M MOTOBECANE U.S.A. d/b/a MOTOBECANE, BIKESDIRECT.COM, JOHN DOES 1-10, and ABC CORPS., 1-10, which is pending in the Superior Court of New Jersey, Law Division, Essex County. In support of removal, Shimano states as follows:

### PROCEDURAL HISTORY

1.    This is a product liability action filed on October 1, 2019 in the Superior Court of New Jersey – Essex County under Docket No.: ESX-L-7181-19. [*See* Exhibit "A"].

2. Shimano North America Holding, Inc. was served with the Complaint on October 15, 2019. [*See* Exhibit "B"].

3. Removal is timely under 28 U.S.C. § 1446(b) as this Notice of Removal is filed within thirty (30) days of when the Summons and Complaint were served upon Shimano. *See Murphy Bros., Inc. v. Michetti Pipe Springing, Inc.*, 526 U.S. 344, 348-49 (1999).

4. Removal to this Court is proper because the District of New Jersey is the district embracing the place (Essex County, New Jersey) where the action was filed. 28 U.S.C. § 1441(a).

5. As required by 28 U.S.C. § 1446(a), Defendant attaches to this Notice "a copy of all process, pleadings, and orders served upon" it. [*See* Exhibit "C"].

6. Upon filing this Notice of Removal, Shimano will provide written notification to plaintiff's counsel and will file a Notification of Removal with the Superior Court of New Jersey – Essex County. [*See* Exhibit "D"].

7. Pursuant to 28 U.S.C. §1446(b)(2)(A), when an action is removed pursuant to 28 U.S.C. § 1441(a), all defendants properly joined and served must join in or consent to the removal.

8. Global Velo, Inc. has been served and consents to removal. [*See* Exhibit "E"].

9. Bikesdirect.com has waived service and also consents to removal. [*See* Exhibit "F"].

10. Upon information and belief, no other defendants have been served.

11. By removing this action, Shimano does not waive any defenses, including but not limited to, defenses relating to insufficient service and personal jurisdiction.

**CITIZENSHIP OF PARTIES**

12. Upon information and belief, Plaintiff Stephen Davis resides in Mendham, New Jersey and is a citizen of the State of New Jersey. [*See* Exhibit "A" at p. 1].

13.     Defendant Shimano North America Holding, Inc. is a California corporation with its principal place of business in California.

14.     Upon information and belief, Defendant Global Velo, Inc. is a Florida corporation with its principal place of business in Florida.

15.     Upon information and belief, Defendant Bikesdirect.com is a Texas Corporation with its principal place of business in Texas.

16.     At the time of the filing of Plaintiff's Complaint and this Notice of Removal, there is diversity of citizenship amongst the parties pursuant to 28 U.S.C. § 1332 (a)(1).

## AMOUNT IN CONTROVERSY

17.     The Complaint alleges that Defendants manufactured, designed and sold a bicycle with a Shimano Ultegra FC-6800 crankset that snapped and broke off, causing Plaintiff to sustain serious and permanent injuries. [*See* Exhibit "A"].

18.     Plaintiff alleges that "[a]s a direct and proximate result of the aforesaid failure of the crank arm, Plaintiff was caused to suffer severe and permanent personal and other injuries, which has and will continue to require medical treatment, rehabilitation, loss of wages, the expenditure of time and money, and the inability to perform certain life activities." [*Id.* at p. 5].

19.     Plaintiff seeks "economic, compensatory, treble damages, and punitive damages, interest and cost of suit, counsel fees, and … further relief as the Court may deem just and proper under the circumstances." [*Id.* at pp. 7-8].

20.     Based upon the allegations of Plaintiff's Complaint, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Briggs v. Target Corp.,* No. 14-7165, 2015 U.S. LEXIS 30796*8. 10 (D.N.J. Mar. 13, 2015) (finding the amount in controversy requirement was satisfied where the plaintiff pled "serious, painful and permanent bodily injuries," "great physical pain and mental anguish," and "substantial medical expenses" and her medical bills totaled ($1,392.20); *Zanger v. Bank of Am., N.A.,* 2010 U.S. Dist. LEXIS 105028,

\*10-11 (3d Cir. 2010) (A nonfrivolous request for an unspecified amount of punitive damages "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.") *Scioscia v. Target Corp.,* No. 08-2593, 2008 U.S. Dist. LEXIS 53508 \*6 (D.N.J. Jul. 8, 2008) (finding the amount in controversy requirement was met because the plaintiff alleged she "was seriously and permanently injured, she was caused to and did seek medical attention…, was prevented from attending to her usual business and was otherwise permanently damaged"); *Avant v. J.C. Penney,* No. 07-1997, 2007 U.S. Dist. LEXIS 44320 \*5-6 (D.N.J. Jun. 9, 2007) (finding that plaintiffs pleading for "permanent, severe and disabling" injuries which led to past and future medical expenses and kept her from enjoying her past and the future "normal pursuits" met the amount in controversy requirement).

21.  Because the amount in controversy exceeds the jurisdictional requirement and because of the complete diversity of citizenship between Plaintiffs and Defendants, this Court has jurisdiction pursuant to 28 U.S.C. § § 1332 and 1441.

**WHEREFORE,** Defendant Shimano North America Holding, Inc. requests that this Court accept removal of this action from the New Jersey Superior Court, Essex County, Law Division to the United States District Court for New Jersey.

**LITTLETON PARK JOYCE UGHETTA & KELLY LLP**

By: _____
Robert J. Kelly, Esq.
Christine M. Emery, Esq.
*Attorneys for Defendants Shimano North America Holding, Inc., Shimano American Corporation, and Shimano North America Bicycle, Inc.*
141 West Front Street, Suite 120
Red Bank, New Jersey 07701
(732) 530-9100

Dated: November 14, 2019