# Exhibit A

BLICK LAW LLC
220 Davidson Avenue, Suite 300
Somerset, New Jersey 08873
(848) 222-3500 - Telephone
(848) 222-3550 - Fax
By: Shaun I. Blick, Esq. – NJ Attorney ID: 013752006
sblick@blicklaw.com
*Attorneys for Plaintiff Stephen Davis*

| | |
|---|---|
| STEPHEN DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>SHIMANO NORTH AMERICA HOLDING, INC., SHIMANO AMERICAN CORPORATION, SHIMANO NORTH AMERICA BICYCLE, INC., GLOBAL VELO, INC. d/b/a M MOTOBECANE U.S.A. d/b/a MOTOBECANE, BIKESDIRECT.COM, JOHN DOES 1-10, and ABC CORPS. 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, ESSEX COUNTY<br>DOCKET NO. ESX-L-<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Stephen Davis by way of complaint against the Defendants, states:

**THE PARTIES**

1. Plaintiff Stephen Davis is an individual who resides at 79 Pleasant Valley Road, Mendham, New Jersey 07945.

2. Upon information and belief, Defendant Shimano North America Holding, Inc. is a California corporation registered to do business as a foreign corporation in New Jersey with

1

its principle place of business located at One Holland, Irvine, California.

3. Upon information and belief, Defendant Shimano American Corporation is a New York corporation that was merged with or otherwise changed its name to Shimano North America Holding, Inc. and which now maintains its principle place of business located at One Holland, Irvine, California.

4. Upon information and belief, Defendant Shimano North America Bicycle, Inc. is a California corporation registered to do business as a foreign corporation in New Jersey with its principle place of business located at One Holland, Irvine, California.

5. Defendants Shimano North America Holding, Inc., Shimano American Corporation, and Shimano North America Bicycle, Inc. shall hereinafter collectively be referred to as "Shimano".

6. Upon information and belief, Shimano is in the business of manufacturing, packaging, designing, distributing, advertising, promoting and selling, and otherwise placing into the stream of commerce, recreational products and components, including but not limited to bicycle and cycling components and parts.

7. Upon information and belief, Shimano imports, exports, markets and distributes its products through a

network of distributors and affiliates throughout the world, including within the State of New Jersey.

8. Defendant Global Velo, Inc. d/b/a M Motobecane U.S.A. d/b/a Motobecane ("Global Velo") is a Florida corporation with its principle place of business located at 7250 Oakmont Court, Ponte Vedra Beach, Florida.

9. Upon information and belief, Global Velo is in the business of manufacturing, packaging, designing, distributing, advertising, promoting and selling, and otherwise placing into the stream of commerce, recreational products and components, including but not limited to bicycle and cycling components and parts.

10. Upon information and belief, Global Velo is the owner of, among others, the "Motobecane" and "M Motobecane U.S.A." trademarks and markets and distributes its products through a network of distributors and affiliates throughout the world, including within the State of New Jersey.

11. Upon information and belief, Defendant bikesdirect.com ("Bikes Direct") is a Texas entity doing business in all 50 states and maintains a principle place of business located at 300 S. Kirby, Suite C, Garland, Texas.

12. Upon information and belief, Bikes Direct is in the business of manufacturing, packaging, designing, distributing, advertising, promoting and selling, and

3

otherwise placing into the stream of commerce, recreational products and components, including but not limited to bicycle and cycling components and parts.

13. John Does 1-10, names being fictitious, are individuals including designers, installers, manufacturers, sellers, distributors, or others who may be liable to Plaintiffs or individuals who have an interest in the subject matter of this lawsuit, whose identities are not yet know.

14. ABC Corps. 1-10, names being fictitious, are corporations and/or businesses including designers, installers, manufacturers, sellers, distributors, or others that may be liable to Plaintiffs or have an interest in the subject matter of this lawsuit, whose identities are not yet known.

## FACTS COMMON TO ALL COUNTS

1. On March 4, 2016 Plaintiff purchased a Motobecane Le Champion CF PRO XIV Orange 56 cm bicycle (the "Bike") from the website bikesdirect.com .

2. Upon information and belief, bikesdirect.com is owned, operated, and maintained by Defendant Bikes Direct, and directs its marketing efforts to customers throughout the continental United States, including the State of New Jersey.

3. Global Velo manufactured, imported, and otherwise marketed the Bike.

4

4. The Bike came with a Shimano Ultegra FC-6800 crankset (the "Crankset").

5. On June 8, 2019, while Plaintiff was out for a ride, one of the Bike's crank arms snapped unexpectedly and without any warning and severed and dislodged completely.

6. As a direct and proximate result of the aforesaid failure of the crank arm, Plaintiff was caused to suffer severe and permanent personal and other injuries, which has and will continue to require medical treatment, rehabilitation, loss of wages, the expenditure of time and money, and the inability to perform certain life activities.

## FIRST COUNT
***(PRODUCTS LIABILITY – DESIGN DEFECT, MANUFACTURING DEFECT, DEFECTIVE WARNING/FAILURE TO WARN – ALL DEFENDANTS)***

1. Plaintiff repeats the allegations contained in the aforesaid as if set forth fully herein.

2. Defendants are the designers, manufacturers, importers, exporters, assemblers, marketers, sellers and/or distributors of the Bike, the Crankset, and certain critical components of the Bike.

3. Defendants are strictly liable to reasonably foreseeable users for any defects in their products they insert into the stream of commerce.

4. Defendants' products, the Bike, the Crankset, and its components, deviated from design specifications, formulae, or

5

performance standards of the manufacturer, industry standards, or from otherwise identical products manufactured to the same manufacturing specifications or formulae.

5. Defendants' product, the Bike, the Crankset, and its components, failed to contain adequate warning, and Defendants failed to give proper notice of defects that were previously discovered, should have been discovered, or were known to Defendants.

6. Defendants' product, the Bike, the Crankset, and its components, were designed in a defective manner and a reasonably feasible alternative design existed to remedy the defects.

7. Defendants' product, the Bike, the Crankset, and its components, were manufactured in a defective manner.

8. Defendants owed a duty to Plaintiff to insert into the stream of commerce a product that was reasonably fit, suitable and safe for its intended and foreseeable purpose and use.

9. Defendants owed a duty to Plaintiff to design, manufacture, maintain, inspect, and provide adequate warnings for the product they inserted into the stream of commerce.

10. Defendants breached the duties owed to Plaintiff.

6

11. As a direct and proximate result of Defendants' breach, Plaintiff sustained serious permanent personal injury, other injury, and economic damages.

12. In accordance with the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1 et seq., Defendants are strictly liable to Plaintiff for the injuries sustained.

WHEREFORE, Plaintiff Stephen Davis demands judgment against all Defendants named and/or referred to herein, jointly, severally and/or in the alternative, for economic, compensatory, treble damages, and punitive damages, interest and costs of suit, counsel fees, and for further relief as the Court may deem just and proper under the circumstances.

## SECOND COUNT
### (BREACH OF EXPRESS AND IMPLIED WARRANTIES – ALL DEFENDANTS)

1. Plaintiff repeats the allegations contained in the aforesaid as if set forth fully herein.

2. Defendants issued express and implied warranties for the benefit of the purchaser(s) and the user(s) of their products.

3. Plaintiff is a purchaser, user, or is otherwise a third-party beneficiary of the express and implied warranties issued by Defendants.

4. Defendants breached those express and implied warranties by failing to provide a product that was safe, fit for its intended use, and which was free from defects.

5. As a direct and proximate result of Defendants' breach, Plaintiff sustained serious permanent personal injury, other injury, and economic damages.

WHEREFORE, Plaintiff Stephen Davis demands judgment against all Defendants named and/or referred to herein, jointly, severally and/or in the alternative, for economic, compensatory, treble damages, and punitive damages, interest and costs of suit, counsel fees, and for further relief as the Court may deem just and proper under the circumstances.

### JURY DEMAND

Plaintiff Stephen Davis hereby demands a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

Shaun I. Blick, Esq. is hereby designated as trial counsel in the above-captioned matter.

### DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to

8

indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matters in controversy in this action are not the subject of any other action pending in any other court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1 Plaintiff Stephen Davis demands that the Defendants provide answers to the applicable Uniform Interrogatories as set forth in Appendix II of the rules governing the Courts of the State of New Jersey.

BLICK LAW LLC
*Attorneys for Plaintiff*
*Stephen Davis*

By: _____
Shaun I. Blick, Esq.

Date:    October 1, 2019

9