IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN DAVIS,<br><br>                  Plaintiff,<br><br>v.<br><br>SHIMANO NORTH AMERICA HOLDING, INC., SHIMANO AMERICAN CORPORATION, SHIMANO NORTH AMERICA BICYCLE, INC., GLOBAL VELO, INC. d/b/a M MOTOBECANE U.S.A. d/b/a MOTOBECANE, BIKESDIRECT.COM, JOHN DOES 1-10, and ABC CORPS., 1-10,<br><br>                  Defendants. | Civil Action No. 2:19-cv-20234 (BRM-JAD) |

## **SHIMANO NORTH AMERICA HOLDING, INC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Shimano North America Holding, Inc. ("SNAH") by and through its attorneys, Littleton Park Joyce Ughetta & Kelly LLP, responds to Plaintiff's Complaint as follows:

### **THE PARTIES**

1. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of The Parties section of the Complaint.

2. SNAH admits that it is a California corporation registered to do business as a foreign corporation in New Jersey with its principal place of business located in Irvine, California.

3. SNAH denies all allegations asserted against it in Paragraph 3 of The Parties section of the Complaint. SNAH lacks knowledge or information sufficient to form a belief as to the truth of allegations directed at other parties.

4. SNAH denies all allegations asserted against it in Paragraph 4 of The Parties section of the Complaint. SNAH lacks knowledge or information sufficient to form a belief as to the truth of allegations directed at other parties.

5. SNAH responds to Paragraph 5 of The Parties only on its own behalf, and denies Plaintiff's collective designation of several entities as "Shimano".

6. SNAH denies the allegations in paragraph 6 of The Parties section of the Complaint.

7. SNAH denies the allegations in paragraph 7 of The Parties section of the Complaint.

8. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of The Parties section of the Complaint.

9. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of The Parties section of the Complaint.

10. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of The Parties section of the Complaint.

11. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of The Parties section of the Complaint.

12. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of The Parties section of the Complaint.

13. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of The Parties section of the Complaint.

14. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of The Parties section of the Complaint.

## FACTS COMMON TO ALL COUNTS

1. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Facts Common to All Counts section of the Complaint.

2. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Facts Common to All Counts section of the Complaint.

3. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Facts Common to All Counts section of the Complaint.

4. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Facts Common to All Counts section of the Complaint.

5. SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Facts Common to All Counts section of the Complaint.

6. SNAH denies the allegations in paragraph 6 of the Facts Common to All Counts section of the Complaint.

## FIRST COUNT

### *(PRODUCTS LIABILITY – DESIGN DEFECT, MANUFACTURING DEFECT, DEFECTIVE WARNING/FAILURE TO WARN – ALL DEFENDANTS)*

1. SNAH repeats its prior responses as if fully set forth herein.

2. SNAH denies the allegations directed at it in paragraph 2 of the First Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

3. SNAH denies the allegations directed at it in paragraph 3 of the First Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

4. SNAH denies the allegations directed at it in paragraph 4 of the First Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

5. SNAH denies the allegations directed at it in paragraph 5 of the First Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

6. SNAH denies the allegations directed at it in paragraph 6 of the First Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7. SNAH denies the allegations directed at it in paragraph 7 of the First Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

8. SNAH denies the allegations directed at it in paragraph 8 of the First Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

9. SNAH denies the allegations directed at it in paragraph 9 of the First Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

10. SNAH denies the allegations directed at it in paragraph 10 of the First Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

11. SNAH denies the allegations directed at it in paragraph 11 of the First Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

12. SNAH denies the allegations directed at it in paragraph 12 of the First Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

13. SNAH denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 11 of the First Count of the Complaint.

## SECOND COUNT
### (BREACH OF EXPRESS AND IMPLIED WARRANTIES – ALL DEFENDANTS)

1. SNAH repeats it prior responses as if fully set forth herein.

2. SNAH denies the allegations directed at it in paragraph 2. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

3. SNAH denies the allegations directed at it in paragraph 3. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

4. SNAH denies the allegations directed at it in paragraph 4 of the Second Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

5. SNAH denies the allegations directed at it in paragraph 4 of the Second Count of the Complaint. As to other parties, SNAH lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

6. SNAH denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph immediately following paragraph 5 of the Second Count of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action for which relief may be granted.

2. Plaintiff's claims are barred because it has failed to join indispensable parties.

3. The Court lacks jurisdiction over SNAH.

4. Plaintiff's claims are barred or subject to transfer due to improper venue.

5. Plaintiff's claims are barred by the statutes of limitation and repose.

6. Plaintiff's claims are barred to the extent that Plaintiff misused the products at issue and failed to read and/or otherwise take notice of the directions for use and warnings.

7. Plaintiff failed to exercise ordinary care for his own personal safety and welfare, which was the proximate cause of the injuries and damages alleged.

8. Plaintiff's claims are barred because Plaintiff knew of the hazard that ultimately injured him and confronted the hazard knowingly.

9. Plaintiff's claims are barred by the state of the art in the manufacturing process.

10. Plaintiff's claims are barred by N.J.S.A. 2A:58C-3(1), inasmuch as there was not a practical and technically feasible alternative design that would have prevented the alleged harm without substantially impairing the reasonably anticipated or intended function of the products.

11. Plaintiff's claims are barred by N.J.S.A. 2A:58C-3(2), because the characteristics of the products at issue are open and obvious.

12. Plaintiff's claims are barred by N.J.S.A. 2A:58C-3(3) and N.J.S.A. 2A:58C-4 because Plaintiff was adequately warned and instructed about unavoidably unsafe aspects, if any, of the products at use.

13. Plaintiff's accident was caused by independent and/or superseding actions of persons or entities other than SNAH and for whom SNAH is no way responsible or liable.

14. At all relevant times, SNAH's products complied with industry standards and federal and state standards and regulations governing the manufacturing, sale, packaging, and distribution of said products.

15. The products at issue, when placed into the stream of commerce, were reasonably safe as defined under New Jersey law.

16. Plaintiff's claims are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

17. The doctrine of spoliation and the failure to preserve evidence necessary to the determination of the alleged claims bar plaintiff's claims against SNAH in whole or in part.

18. Plaintiff's claims are barred, or in the alternative, the damages to which plaintiffs are entitled must be reduced under the doctrine of comparative negligence. N.J.S.A. 2A: 15-5.1 et seq.

19. If SNAH is found to be negligent or at fault for the acts alleged in the Complaint, and such liability is less than 60%, SNAH is responsible only for the percentage directly attributable to SNAH. N.J.S.A. 2A:15-5.3.

20. Plaintiff's damages should be reduced pursuant to N.J.S.A. 2:A15-97 (Collateral Source Rule).

21. Plaintiff's conduct, including comparative negligence and assumption of risk, caused the damages claimed herein, and said damages should be proportionately reduced.

22. To the extent that Plaintiff seeks punitive damages, these damages are improper, unwarranted and unconstitutional.

23. SNAH reserves the right to assert any and/or all applicable affirmative defenses which discovery may reveal to be appropriate.

24. SNAH adopts and hereby incorporates by reference all affirmative defenses raised by all other defendants and third-parties who are now or are later named in this action.

**CROSSCLAIMS**

SNAH asserts the following crossclaims:

1. If Plaintiff is found to have sustained damages through carelessness, recklessness, and/or negligence other than that of Plaintiff himself, including but not limited to, the manufacture and distribution of any product(s), breach of warranty or misrepresentations, either express or implied, and in strict liability in tort, these damages will have been caused and brought about by reason of the carelessness, recklessness, and/or negligence of Global Velo, Inc. d/b/a M Motobecane U.S.A. d/b/a Motobecane, BikesDirect.com, John Does 1-10, and ABC Corps., 1-10 ("Co-Defendants"), with indemnification and/or contribution to SNAH as implied-in-fact or implied-in-law.

2. If SNAH is found liable to Plaintiff for the injuries and damages set forth in the Complaint, Co-Defendants will be liable jointly and severally to SNAH and will be bound to indemnify SNAH.

3. SNAH is entitled to contribution, in whole or in part, from Co-Defendants, together with the costs and disbursements.

4. If Plaintiff recovers a judgment against SNAH, by operation of law or otherwise, SNAH is entitled to judgment, contribution and indemnity over and against Co-Defendants, their agents, servants and/or employees, by reason of their carelessness, recklessness, and/or negligence for the amount of any such recovery, or a portion thereof, in accordance with principles of law regarding apportionment of fault and damages, along with costs, disbursements and expenses, including reasonable attorney fees.

**WHEREFORE,** SNAH demands judgment dismissing the Complaint, and in the event of any judgment against SNAH, it demands judgment, contribution and/or indemnity over and against Co-Defendants for the amount of all such recovery or a portion thereof, in accordance with the principles of law regarding apportionment of fault and damages, along with costs and disbursements, including reasonable attorney fees.

**JURY DEMAND**

SNAH demands trial by jury on all issues.

**LITTLETON PARK JOYCE UGHETTA & KELLY LLP**

By: _/s/ Robert J. Kelly_

Robert J. Kelly, Esq.
Christine M. Emery, Esq.
*Attorneys for Defendant Shimano North America Holding, Inc.*
141 West Front Street, Suite 120
Red Bank, New Jersey 07701
(732) 530-9100

Dated: December 3, 2019